Bland, Chancellor.
This case standing ready for hearing on the motion to dissolve the injunction, the solicitors of the parties were heard, and the proceedings read and considered.
*137 The allegations in the body of an answer or plea should be positive, otherwise the issue would be joined on a mere statement of the belief of the parties, not upon their allegations of fact. But it is the law arising out of the facts, not merely from the belief of the parties, which is to be determined.(a) Yet where an injunction has been granted against an executor or administrator, it is sufficient for him, in order to obtain a dissolution of it, to state, as to any facts, in regard to which the bill calls for an answer, and which must, from the nature of things, have rested in the knowledge of his testator or intestate, that they are as he “is informed and verily believes,” so and so. (b) But the answer of this defendant, in the body of it, has spoken so distinctly and positively as to the facts; and thus, so entirely sworn away the equity of the bill, that I could have no hesitation in dissolving the injunction, at once, were it not for an objection to the form of the affidavit thereunto annexed by which it has been verified. In that affidavit the defendant swears, “ that the several matters and facts set forth and stated in the within and aforegoing answer are just and true as they are therein stated, according to the best of her knowledge, belief, and recollection.” This the plaintiffs allege is too vague, indefinite, and general.
Regularly the affidavit, in all such cases, should assert, “ that the facts within the defendant’s own knowledge are true, and that those facts not within his own knowledge he believes to be true.” But here, there has been, as far baek as has fallen within my observation, a very great neglect of all regularity in the forms of such affidavits; and therefore, I should not feel myself authorized, at once, to depart from even so improper a practice as to require, in such affidavits, more than a substantial sufficiency. As to which I know of no better test than, that they must be so absolute and positive, when taken in connexion with the body of the answer, as to subject the party to a prosecution for perjury, if the matters stated in the answer should be false. It is now well settled, that if a man swears he believes that to be true which he knows to be false, he swears as absolutely, and is as criminal, and may be prosecuted and punished for perjury in like mariner, as if he had made a positive assertion.(c) The affidavit to this answer is not as correctly expressed as it ought to have been; but when taken in con *138 nexion with the whole answer, I deem it substantially sufficient; because if any of the allegations of the answer are false, the defendant will be as clearly liable to a prosecution for perjury as if the affidavit had been couched in the most positive terms.(d)
Whereupon it is ordered, that the injunction heretofore granted in this case, be and the same is hereby dissolved.

 Beams’ Pl. Eq. 26.

 Carnan v. Vansant, adm’r. MS. 1807.

 2 Chitt. Crim. Law, 305; 1 Hawk. P. C. c. 69, s. 7; Miller’s case, 3 Wilson, 427.

 2 Chitt. Crim. Law, 392; Beams’ Pl. Eq. 27; Drew v. Drew, 2 Ves. & B. 159.